IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DAMIEN D. BURDETTE, | : | |
| | : | Civil Action File No. |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| ABS AUTOMOTIVE, INC., and | : | |
| LAMAR HAYGOOD, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT

Plaintiff Damien D. Burdette ("Burdette") brings this Complaint against Defendants ABS Automotive, Inc. ("ABS Automotive") and Lamar Haygood ("Haygood") and shows the Court as follows:

**1. INTRODUCTION**

1.

Damien Burdette drove a tow truck for ABS Automotive, Inc., from the summer of 2019 to the spring of 2020. He often worked more than forty hours in a given workweek but was not paid the overtime premium required by the Fair Labor Standards Act.

2.

In addition to his federal causes of action, Burdette asserts pendent state law claims which arise out of the same set of operating facts as his federal claims. These are (1) breach of contract, (2) quantum meruit and (3) promissory estoppel.

### (a) Jurisdiction and Venue

3.

This Court has subject matter jurisdiction over the present action under Article III, § 2 of the United States Constitution, FLSA §16(b), 29 U.S.C. § 216(b) and 28 U. S.C § 1331, because this case arises under the FLSA, a federal statute that affects interstate commerce.

4.

Venue properly lies in the Northern District of Georgia under 28 U.S.C. § 1391 because ABS Automotive is located in Douglasville, Georgia, within this judicial district and a substantial portion of the events giving rise to the claims herein arose in this judicial district.

### (b) The Parties

5.

Burdette resides in Henry County, Georgia.

6.

ABS Automotive employed Burdette as a tow truck driver in and around Atlanta, Georgia from approximately July 2019 through April 2020 (hereafter "the Relevant Time Period").

7.

At all times material hereto, Burdette has been an "employee" of ABS Automotive as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

8.

ABS Automotive is a domestic profit corporation organized under the laws of the State of Georgia.

9.

At all times material hereto, ABS Automotive was an "employer" of Burdette as defined in FLSA § 3(d), 29 U.S.C. §203(d).

10.

ABS Automotive is subject to the personal jurisdiction of this Court.

11.

ABS Automotive may be served with process through its registered agent Lamar Haygood at 2068 Fairburn Road, Douglasville, Georgia 30135.

12.

At all times material hereto, Burdette was an "employee" of Haygood as defined in the FLSA § 3(e)(1), 29 U.S.C. § 203(e)(1).

13.

Haygood resides in Douglas County, Georgia.

14.

At all times material hereto, Haygood was an "employer" of Burdette as defined in FLSA § 3(d), 29 U.S.C. §203(d).

15.

Haygood is subject to the personal jurisdiction of this Court.

16.

Haygood may be served with process at 8515 Aaron Way, Douglasville, Georgia 30135.

**(c) Individual Coverage**

17.

During the Relevant Period, Burdette regularly operated a tow truck owned by Defendants for the purpose of providing towing services for the operators and owners of disabled or abandoned vehicles on Interstate and U.S. Highways, thereby keeping the instrumentalities of interstate commerce free from obstructions.

18.

During the Relevant Period, Burdette was "engaged in commerce" as employees of ABS Automotive as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

**(d) Enterprise Coverage:**

19.

At all times during the Relevant Time Period, ABS Automotive was an "enterprise engaged in commerce or in the production of goods for commerce" as defined in the FLSA, § 6(a), 29 U.S.C. § 206 (a) and FLSA, § 7(a)(1), 29 U.S.C. § 207(a)(1).

20.

Specifically, at all times material hereto, ABS Automotive employed two or more persons who regularly provided road side services to customers on Interstate and U.S. highways, thereby providing for the free flow of traffic on the national highway system.

21.

During 2019, ABS Automotive had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

22.

During 2020, ABS Automotive had two or more "employees engaged in commerce" as defined by 29 U.S.C. § 203(s)(1)(A).

23.

During the Relevant Time Period, Burdette and other employees of ABS Automotive handled goods which moved in interstate commerce in the furtherance of the commercial purpose of ABS Automotive including trucks, gasoline, engine oil, and cellular phones.

24.

During 2019, ABS Automotive had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

25.

During 2020, ABS Automotive had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person." as defined in 29 U.S.C. § 203(s)(1)(A).

26.

During 2019, ABS Automotive had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

27.

During 2020, ABS Automotive had an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) within the meaning of 29 U.S.C. § 203(s)(1)(A).

28.

At all times during the Relevant Time Period, ABS Automotive has been an "enterprise engaged in commerce or in the production of goods for commerce" as defined in FLSA § 3(s)(1), 29 U.S.C. § 203(s)(1).

**(e) Statutory Employer**

29.

At all times during the Relevant Time Period, Haygood was the CEO of ABS.

30.

At all times during the Relevant Time Period, Haygood was an owner and/or operator of ABS.

31.

At all times during the Relevant Time Period, Haygood exercised operational control over Burdette's work activities.

32.

At all times during the Relevant Time Period, Haygood was involved in the day to day operation of the ABS Automotive in which Burdette worked.

33.

At all times during the Relevant Time Period, ABS Automotive vested Haygood with supervisory authority over Burdette.

34.

At all times during the Relevant Time Period, Haygood exercised supervisory authority over Burdette.

35.

At all times during the Relevant Time Period, Haygood scheduled Burdette's working hours or supervised the scheduling of Burdette's working hours.

36.

At all times during the Relevant Time Period, Haygood exercised authority and supervision over Burdette's compensation.

**(f) Lack of Exemption**

37.

At all times material hereto, Burdette was not exempt from the minimum wage requirements of the FLSA by reason of any exemption.

38.

At all times during the Relevant Time Period, Burdette was not exempt from the maximum hour requirements of the FLSA by reason of any FLSA exemption.

39.

At all times during the Relevant Time Period, ABS Automotive did not employ Burdette in a bona fide professional capacity within the meaning of 29 USC § 213 (a)(1).

40.

At all times during the Relevant Time Period, ABS Automotive did not employ Burdette in a bona fide administrative capacity within the meaning of 29 USC § 213 (a)(1).

41.

At all times during the Relevant Time Period, ABS Automotive did not employ Burdette in a bona fide executive capacity within the meaning of 29 USC § 213 (a)(1).

42.

At all times during the Relevant Time Period, Burdette did not supervise two or more employees.

43.

At all times during the Relevant Time Period, ABS Automotive did not employ Burdette in the capacity of an "outside salesman" so as to be exempt from the minimum and maximum hour requirements of 29 USC § 213 (a)(1).

44.

At all times material hereto, Burdette was not exempt from the maximum hour requirements of the FLSA because of the Motor Carrier Exemption (29 U.S.C. § 213(b)(1)).

45.

At all times material hereto, Burdette's work for Defendants did not involve interstate commerce as defined by the Motor Carrier Act (49 U.S.C.A. § 10521).

46.

At all times material hereto, Plaintiff operated a flatbed tow truck in his performance of work on behalf of Defendants.

47.

At all times material hereto, Burdette did not travel outside of the State of Georgia in the performance of his duties for ABS Automotive.

48.

At all times material hereto, Burdette did not operate "commercial motor vehicle[s]" within the meaning of the Motor Carrier Act (49 U.S.C.A. § 31132(1)).

**(g) Additional Factual Allegations**

49.

At all times during the Relevant Time Period, Defendants compensated Burdette through the payment of commissions only calculated at 20% of what the truck earned per week.

50.

During the Relevant Time Period, Defendants generally scheduled Burdette to work six (6) days during each work week.

51.

During all times relevant, Defendants generally scheduled Burdette to work from 10:00 a.m. until 10:00 p.m. during each work shift.

52.

During the Relevant Time Period, Burdette usually worked 12 hours during each work shift.

53.

During the Relevant Time Period, Burdette often worked in excess of 12 hours despite being scheduled for less.

54.

During the Relevant Time Period, Burdette usually worked 72 hours during each work week but often worked more than this amount.

55.

During the Relevant Time Period, Defendants were aware of the actual number of hours Burdette worked performing tow services.

56.

Defendants knew or should have known that the FLSA applied to Burdette.

57.

Section 6 of the FLSA (29 U.S.C. § 206) requires that Defendants compensate Burdette at a rate of no less than $7.25 per hour for every hour worked in a work week.

58.

Defendants knew or should have known that the Section 6 of the FLSA requires that Defendants compensate Burdette at a rate of at least $7.25 per hour for every hour worked in a work week.

59.

During the Relevant Time Period, ABS Automotive failed to compensate Burdette at a rate of $7.25 per hour for each hour he worked.

60.

During the Relevant Time Period, ABS Automotive willfully failed to compensate Burdette at a rate of $7.25 per hour for each hour he worked.

61.

Defendants knew or should have known that Burdette was entitled to FLSA overtime protections.

62.

Section 7 of the FLSA, 29 U.S.C. § 207, requires that Defendants compensate Burdette at a rate of one–and–one–half times his regular rate for all time worked in excess of forty (40) hours in a work week.

63.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants Burdette a premium for all hours worked above forty hours in a given workweek.

64.

29 C.F.R. § 778.118 sets forth the manner for calculating overtime wages to employees who receive a portion of their earnings in commission each week.

65.

29 C.F.R. § 778.118 requires that the sum total of the commission earned and other earnings be divided by the total hours worked in order to determine the regular hourly rate.

66.

29 C.F.R. § 778.118 further requires that "(t)he employee must be paid extra compensation at one-half that rate for each hour worked in excess of" forty hours per week.

67.

During the Relevant Period, Defendants failed to calculate a regular rate for Burdette by dividing the sum total of the commissions he earned and other earnings by the total hours worked.

68.

Defendants knew or should have known that the Section 7 of the FLSA requires that Defendants compensate Burdette a premium for all time worked in excess of forty hours in a given workweek.

69.

At all times during the Relevant Time Period, Burdette regularly worked more than forty (40) hours during a given workweek.

70.

At all times material hereto all of Burdette's working efforts were directed at serving Defendants' customers.

71.

During the Relevant Time Period, Defendants provided Burdette with all tools, equipment and other materials necessary for Burdette to perform his job as a tow truck driver, including the truck.

72.

During the Relevant Time Period, Defendants misclassified Burdette as an Independent Contractor.

73.

During the Relevant Period, Defendants failed to pay Burdette at one-and-one-half times this regular rate for time worked in excess of forty (40) hours in any and all workweeks.

## COUNT 1 - FAILURE TO PAY MINIMUM WAGE

74.

The allegations in paragraphs 1-73 above are incorporated by reference.

75.

At all times material hereto, Burdette has been an employee covered by the FLSA and entitled to the minimum wage protections set forth in FLSA § 6(a), 29 U.S.C. § 206(a).

76.

During the Relevant Period, Defendants willfully failed to compensate Burdette at an hourly rate above or equal to the minimum wage as established in accordance with Section 6 of the FLSA.

77.

As a result of the underpayment of minimum wages as alleged above, Burdette is entitled to payment of minimum wages in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

78.

As a result of the underpayment of minimum wages as alleged above, Burdette is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b), declaratory and injunctive relief, and reimbursement of reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216(b).

## COUNT 2 - FAILURE TO PAY OVERTIME

79.

The allegations in paragraphs 1-73 above are incorporated by reference.

80.

At all times during the Relevant Time Period, Burdette has been an employee covered by the FLSA and entitled to the overtime protections set forth in FLSA § 7(a), 29 U.S.C. § 207(a).

81.

At all times during the Relevant Time Period, Burdette regularly worked in Defendants' employ in excess of forty (40) hours during each work week.

82.

At all times during the Relevant Time Period, Defendants failed to pay Burdette at one-and-one-half times his regular rate for time worked in excess of forty (40) hours during each work week.

83.

Defendants willfully failed to pay Burdette at one–and–one–half times his regular rate for work in excess of forty (40) hours in any week from July 2019 through April 2020.

84.

Burdette is entitled to payment of overtime in an amount to be determined at trial, in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

85.

As a result of the underpayment of overtime compensation as alleged above, Burdette is entitled to liquidated damages in accordance with FLSA § 16(b), 29 U.S.C. § 216(b).

86.

As a result of the underpayment of overtime compensation as alleged above, Burdette is entitled to his litigation costs, including his reasonable attorneys' fees in accordance with FLSA § 16(b); 29 U.S.C. § 216(b).

## COUNT 3 - BREACH OF CONTRACT

87.

The allegations in paragraphs 1-73 above are incorporated by reference.

88.

Burdette and ABS Automotive were parties to a contract of employment (hereafter "the Contract") from on or about July 2019 through April 2020.

89.

The Contract provided that ABS Automotive would pay Burdette for work that was performed by Burdette on behalf of and for the benefit of Defendant.

90.

ABS Automotive's failure to pay Burdette for work performed during his last week of employment constitutes a material breach of the Contract.

91.

As the direct and foreseeable result of this breach, Burdette has sustained and continues to sustain damages in an amount to be proved at trial.

## COUNT 4 – QUANTUM MERUIT

92.

The allegations in paragraphs 1-73 above are incorporated by reference.

93.

From on or about July 2019 through April 2020, Burdette served as a tow truck driver for Defendant ABS Automotive.

94.

Burdette's service as a tow truck driver for ABS Automotive as described above was valuable to Defendant ABS Automotive.

95.

ABS Automotive requested Burdette's service as a tow truck driver.

96.

ABS Automotive knowingly accepted Burdette's service as a tow truck driver.

97.

The receipt of Burdette's services as a tow truck driver for ABS Automotive without compensation would be unjust.

98.

Burdette expected to be compensated at the time he provided his services as a tow truck driver.

99.

Burdette is entitled to a recover from ABS Automotive the reasonable value of the service he provided as a tow truck driver for Defendant, in an amount to be determined at trial.

## COUNT 5 - PROMISSORY ESTOPPEL AS TO DEFENDANT ABS AUTOMOTIVE

100.

The allegations in paragraphs 1-73 above are incorporated by reference.

101.

From in or about July 2019, ABS Automotive promised to pay Burdette in return for Plaintiff's service as a tow truck driver for it.

102.

ABS Automotive should have reasonably expected that Burdette would induce action in reliance of said promise, i.e., serve as a tow truck driver for Defendant.

103.

ABS Automotive's promise induced Burdette to act in reliance thereof, i.e., to serve as a tow truck driver for Defendant, to his detriment.

104.

Burdette's service as a tow truck driver for ABS Automotive conferred a benefit on Defendant.

105.

ABS Automotive failed to pay Burdette in accordance with their promise.

106.

Burdette relied on Defendant's promise.

107.

Burdette's reliance on Defendant's promise was reasonable.

108.

Injustice can only be avoided by enforcement of Defendant's promise.

109.

Burdette is entitled to a recover from ABS Automotive the reasonable value of the services he provided as a tow truck driver for Defendant, in an amount to be determined at trial.

WHEREFORE, Burdette respectfully prays:

1. That his claims be tried before a jury;
2. That he be awarded due but unpaid minimum wages in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;
3. That he be awarded due but unpaid overtime compensation in an amount to be determined at trial against Defendants, jointly and severally, plus an additional like amount in liquidated damages;
4. That he be awarded his costs of litigation, including his reasonable attorneys' fees from Defendants, jointly and severally;
5. That he be awarded damages in an amount to be proved at trial against Defendant ABS Automotive for the state law claims herein asserted in amounts to be proven at trial;
6. That he be awarded nominal damages; and
7. For such other and further relief as the Court deems just and proper.

Respectfully submitted,

                                                ***DELONG CALDWELL BRIDGERS FITZPATRICK & BENJAMIN, LLC***

101 MARIETTA STREET
SUITE 2650
ATLANTA, GEORGIA 30303          */S/CHARLES R. BRIDGERS*
(404) 979-3150                               CHARLES R. BRIDGERS
(404) 979-3170 (f)                        GA. BAR NO. 080791
charlesbridgers@dcbflegal.com    */S/ KEVIN D. FITZPATRICK, JR.*
kevin.fitzpatrick@dcbflegal.com    KEVIN D. FITZPATRICK, JR.
                                                 GA. BAR NO. 262375