IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMIEN R. BURDETTE, : | |
| : | |
| Plaintiff, : | |
| : | |
| vs. : | Civil Action No. |
| : | 1:21-cv-02653-WMR |
| ABS AUTOMOTIVE, INC. AND : | |
| LAMAR HAYGOOD, : | |
| : | |
| Defendants. : | |

### RESPONSE TO COURT'S ORDER [DKT. 8] AND MOTION TO DISMISS WITHOUT PREJUDICE PURSUANT TO FED.R.CIV.PRO 41(A)(2)

Responding to the Court's show cause order of February 7, 2022 [Dkt. 8] Plaintiff moves this Court to dismiss the above styled matter.

1.

This is a wage and hour case started on July 1, 2021. [Dkt. 1]

2.

Defendant filed a handwritten Answer on July 28, 2021 stating simply "I deny any and all claims to this lawsuit". [Dkt. 7]

1

3.

Soon thereafter, Defendant Lamar Haygood contacted undersigned Counsel Charles R. Bridgers to discuss potential resolution of this matter.

4.

As the Court will note from Defendants' Answer, no counsel appeared on behalf of the corporate defendant ABS Automotive.  Plaintiff did not bring an action to require counsel because he understood that the matter would soon be resolved.

5.

The parties engaged in negotiations and have exchanged information and documents.

6.

Negotiations were delayed because of the holiday season and undersigned Counsel falling ill in December 2021.  Undersigned counsel has attempted to contact Mr. Haygood several times since the Court issued its original show cause inquiry into the status of the case without success. The Court's show cause order notes that a dismissal would be "without prejudice" but Plaintiff does want to respond to the Court.

7.

Undersigned counsel certainly understands the Court's questions and probable frustration with this matter. As such, Plaintiff seeks to dismiss this matter at this time. Plaintiff intends to pursue settlement and only litigate in the future if absolutely necessary.

8.

Fed.R.Civ.Pro. 41 (a)(2) establishes that the default dismissal is "without prejudice." However, the Court has the discretion to condition dismissal on "terms the court considers proper."

9.

Here, the Court should follow the default rule as well as its initial show cause Order and dismiss the matter without prejudice for several reasons: First, as the Court knows, the FLSA was enacted for the purpose of protecting workers from substandard wages and oppressive working hours. *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 101 S. Ct. 1437, 1444 (1981). Damien Burdette is a tow truck driver, the core type of employer this law was meant to protect. Foreclosing his opportunity to bring this claim again based on a procedural issue would not be appropriate.

10.

Second, despite the passage of time, the matter is effectively at an early stage. Counsel for Defendant ABS has not appeared, formal discovery has not been conducted, and extensive motions practice has not occurred. In *Mullen v. Heinkel Filtering Sys.*, 770 F.3d 724 (8th Cir. 2014), the Eighth Circuit upheld the discretion of the trial court to dismiss a matter without prejudice. The Court held, "The grant of voluntary dismissal did not result in a waste of judicial time and effort, because the case had not progressed very far. The magistrate judge held two hearings on discovery disputes, but the case was still in the early stages of discovery. We have upheld granting motions to dismiss without prejudice when the cases were much further along." Id., at 728. Here, the matter is effectively at an early stage of the litigation and, as such, dismissal without prejudice is warranted.

11.

Third, Defendants will not be legally prejudiced. *In McCants v. Ford Motor Co.*, 781 F.2d 855, 856-57 (11th Cir. 1986), the Eleventh Circuit held:

> As we have noted previously, however, in most cases a dismissal should be granted unless the defendant will suffer clear legal prejudice, other than the mere prospect of a subsequent lawsuit, as a result. Thus it is no bar to a

voluntary dismissal that the plaintiff may obtain some tactical advantage over the defendant in future litigation. *Id* (citations omitted)

12.

The Ninth Circuit has similarly defined "legal prejudice." As the Court noted in *Zanowick v. Baxter Healthcare Corp*., 850 F.3d 1090, 1093 (9th Cir. 2017) held, "When ruling on a motion to dismiss without prejudice, the district court must determine whether the defendant will suffer some plain legal prejudice as a result of the dismissal." [citing Westlands Water Dist. v. United States, 100 F.3d 94, 96 (9th Cir. 1996)] "Legal prejudice" is "prejudice to some legal interest, some legal claim, some legal argument." *Id.* Here, no such legal prejudice is present because Defendants' legal position will be unchanged.

13.

For these reasons, Plaintiff asks that the Court dismiss this matter without prejudice pursuant to Fed.R.Civ.Pro. 41(a)(2) and the Court's Order of February 7, 2022 [Dkt. 8]. A proposed order is attached.

|  |  |
|---|---|
|  | **DELONG, CALDWELL, BRIDGERS,<br>FITZPATRICK & BENJAMIN, LLC**<br><br>*/s/ Charles R. Bridgers* |
| Respectfully submitted, | Charles R. Bridgers<br>Ga. Bar No. 080791<br>Kevin D. Fitzpatrick, Jr.<br>Ga. Bar No. 262375 |
| 101 Marietta Street, NW<br>Suite 2650<br>Atlanta, Georgia 30303<br>(404) 979-3150<br>(404) 979-3170 (f)<br>charlesbridgers@dcbflegal.com<br>kevin.fitzpatrick@dcbflegal.com | Counsel for Plaintiff |

### **Certification of Counsel**

Pursuant to LR 7.1D NDGa, the undersigned counsel certifies that the within and foregoing motion was prepared using Times New Roman (14 point), one of the fonts and point selections approved by the Court in LR 5.1C NDGa.

*/s/ Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAMIEN R. BURDETTE, | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : Civil Action No. |
| | : 1:21-cv-02653-WMR |
| ABS AUTOMOTIVE, INC. AND | : |
| LAMAR HAYGOOD, | : |
| | : |
| Defendants. | : |

## CERTIFICATE OF SERVICE

The undersigned counsel certifies that on this day he served the within and foregoing motion upon Defendants by placing a true and correct copy of the same in the United Stated Mail with adequate First-Class postage adhered thereto and addressed as follows:

ABS Automotive, Inc.
Lamar Haygood
2068 Fairburn Road
Douglasville, Georgia 30135

This 3rd day of March 2022

/s/ *Charles R. Bridgers*
Charles R. Bridgers
Ga. Bar No. 080791
Counsel for Plaintiff

7